# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CLAUDE F. GARRETT, | ) |
| | ) |
| Petitioner, | ) No. 3:13-cv-00190 |
| | ) Senior Judge Haynes |
| v. | ) |
| | ) |
| BRUCE WESTBROOKS, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner, Claude F. Garrett, a state prisoner, filed this pro se action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside his conviction for first-degree felony murder for which he was sentenced to life imprisonment. Petitioner filed an amended petition, asserting seven broad claims, that was denied by the Court.

Before the Court is Petitioner's motion to alter or amend judgment (Docket Entry No. 26) and supplemental motion to alter or amend judgment (Docket Entry No. 29), asserting that the Court should consider new evidence in the form of "[r]ecently received affidavits from nationally-recognized fire-science experts Craig L. Beyler, Ph.D. and John Lentini, CFI, D-ABC" and a report from the Tetrahedron Committee that debunk prosecution witness Agent James Cooper's claim that the fire was deliberately set and order an evidentiary hearing. Relying on this evidence, Petitioner also seeks the Court under Martinez v. Ryan, 132 S. Ct. 1309 (2012) to order an evidentiary hearing on Petitioner's claims of ineffective assistance of counsel as to (1) trial counsel's failure to present evidence that in the ten years between the first and second trials, the

---

[1] Bruce Westbrooks, the current warden of the Riverbend Maximum Security Institution where Petitioner is confined, is substituted for Ronald Colson, the original Respondent. Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases.

methods by which the State's expert witness reached his conclusion of arson had been discredited by the scientific community and (2) trial counsel's ineffective performance at the Daubert hearing including trial counsel's failure to effectively cross-examine James Cooper and failure to move for an interlocutory appeal. See Docket Entry No. 12, at 3-4, claims 2a and 2f.

In response (Docket Entry No. 30), Respondent contends that Petitioner fails to establish the basis for a successful Rule 59(e) motion because he cannot demonstrate that the proffered expert reports are newly discovered evidence or that he will suffer manifest injustice if his motion is not granted.

A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005) (citing GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999)). "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (emphasis in original) (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Thus, "[s]uch motions . . . are 'not intended as a vehicle to relitigate previously considered issues'; 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence'; and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" Nagle Indus., Inc. v. Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997), aff'd sub nom. Nagle Indus., Inc. v. Ford Motor Co, 194 F.3d

1339 (Fed. Cir. 1999) (citation omitted). "Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose." Waiters v. City of Cleveland, No. 1:08–CV–2006, 2009 WL 3063384, at * 1 (N.D. Ohio Sept. 24, 2009).

Evidentiary hearings have been held to be appropriately denied where the habeas petitioner "has not shown that his ... claims would result in no reasonable factfinder finding him guilty of the underlying offenses." Abdus-Samad v. Bell, 420 F.3d 614, 626-27 (6th Cir. 2005). In Cullen v. Pinholster, 563 U.S. 170, 181-83 (2011), the Supreme Court expressly stated that federal habeas review is limited to the state court record:

> **We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.** Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.
>
> This understanding of the text is compelled by "the broader context of the statute as a whole," which demonstrates Congress' intent to channel prisoners' claims first to the state courts. Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). "The federal habeas scheme leaves primary responsibility with the state courts ...." Visciotti, supra, at 27, 123 S.Ct. 357. Section 2254(b) requires that prisoners must ordinarily exhaust state remedies before filing for federal habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo.
>
> Limiting § 2254(d)(1) review to the state-court record is consistent with our precedents interpreting that statutory provision. Our cases emphasize that review under § 2254(d)(1) focuses on what a state court knew and did. State-court decisions are measured against this Court's precedents as of "the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts"

that were before the state court. Williams v. Taylor, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (Terry Williams). If the state-court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." Id., at 413, 120 S.Ct. 1495. It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.

Our recent decision in Schriro v. Landrigan, 550 U.S. 465, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007), is consistent as well with our holding here. We explained that "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." Id., at 474, 127 S.Ct. 1933. In practical effect, we went on to note, this means that when the state-court record "precludes habeas relief" under the limitations of § 2254(d), a district court is "not required to hold an evidentiary hearing." Id., at 474, 127 S.Ct. 1933 (citing with approval the Ninth Circuit's recognition that "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record" (internal quotation marks omitted)).

Id. (emphasis added and footnote omitted).

Martinez created an equitable exception to procedural default that "qualifies Coleman **by recognizing a narrow exception**: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315 (emphasis added). In addition, Martinez applies to "initial-review collateral proceedings", "which provide the first occasion to raise a claim of ineffective assistance at trial." Id. Martinez expressly recognized that "[d]irect appeals, without evidentiary hearings, may not be as effective as other proceedings for developing the factual basis for the [ineffective assistance of trial counsel] claim." Id. at 1318. In Trevino v. Thaler, __ U.S.__, 133 S. Ct. 1911 (2013), the Supreme Court extended the Martinez exception where State law "does not expressly *require* the defendant to raise a claim of ineffective assistance of trial counsel in an initial *collateral review* proceeding....[but the State] law on its face appears to permit (but not

4

require) the defendant to raise the claim on *direct appeal*." Id. at 1918 (emphasis in the original). Moreover, "[t]o be successful under Trevino, . . . [the habeas petitioner] must show a 'substantial' claim of ineffective assistance, and this requirement applies as well to the prejudice portion of the ineffective assistance claim." McGuire v. Warden, Chillicothe Correctional Inst. 738 F.3d 741, 752 (6th Cir. 2013) (citing Trevino, 133 S.Ct. at 1918). "The holding in [Martinez] does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." Martinez, 132 S.Ct. at 1320; Wallace v. Sexton, No. 13–5331, 2014 WL 2782009, at *10 (6th Cir. June 20, 2014).

The Court previously concluded that Petitioner did not carry his burden to justify another evidentiary hearing because given Petitioner's trial and two post-conviction hearings the state record was adequate to decide his claims. Petitioner cites that the new affidavits of Beyler and Lentini were just completed and constitute newly discovered evidence. (Docket Entry No. 26 at 22-23). Here, Petitioner's characterization of these affidavits and reports as new evidence does not constitute new evidence.

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Newly submitted evidence does not constitute newly discovered evidence. Whitehead v. Bowen, 301 F. App'x 484, 489 (6th Cir. 2008). When a Rule 59 motion rests on newly submitted evidence, the party must show "that due diligence would not have uncovered this evidence before the court ruled

5

on [the] motion" sought to be reconsidered. Scott v. Metro. Health Corp., 234 F. App'x 341, 366 (6th Cir. 2007).

The proffered reports are not new, but cumulative expert testimony on the issue that was decided before the state courts. As cited by this Court, at trial Petitioner presented his own expert witness, Stewart Bayne, an expert in fire investigation and fire science, who challenged Cooper's testimony. See State v. Garrett, No. M2004-02089-CCA-R3CD, 2005 WL 3262933, at *8-9 (Tenn. Crim. App. Dec. 1, 2005). Further, Lentini previously testified at Petitioner's state post-conviction hearing, discrediting Cooper's methodology. Garrett v. State, No. M2011-00333-CCA-R3PC, 2012 WL 3834898, at *8-9 (Tenn. Crim. App. Sept. 5, 2012). "Lentini discussed certain 'mythologies' of arson investigation, which he claimed many arson investigators previously embraced but have since been discredited by the scientific community." Id. at *8. Thus, because the issue of Cooper's methodology was available and challenged at the state post-conviction hearing, the opinions contained in the reports here do not qualify as "newly discovered evidence."

Moreover, Petitioner contradictorily argues that Petitioner's trial counsel was ineffective for "failing to show the judge and the jury that Cooper's opinion ignored and flouted science and violated NFPA 921 and known fire science. . . . Had trial counsel properly challenged Cooper's unscientific and unreliable investigation and resulting opinion and shown that science refutes Cooper's conclusion, there is a reasonable probability that the jury never would have convicted Mr. Garrett of first-degree murder." (Docket Entry No. 26 at 23-24). Petitioner also argues that Petitioner's post-conviction counsel "had no tactical reason for not presenting such issues and presenting the evidence which undersigned counsel now presents. She was unaware or unfamiliar with fire science and did not know to raise and/or present to the state courts the claims and evidence

as presented here." Id. at 24. Petitioner is essentially admitting that such evidence did previously exist. Therefore, the evidence presented here cannot be considered "new" for purposes of Rule 59(e).

Citing Martinez, Petitioner also argues that he can "show 'cause' for any default of his ineffective-assistance-of-counsel claims and facts presented herein if his defaulted ineffective-assistance claims and facts are 'substantial' and post-conviction counsel was ineffective for failing to present such issues in postconviction proceedings." Id. at 24. Yet, this claim was not defaulted, as it was raised by post-conviction counsel and addressed by the Tennessee Court of Criminal Appeals. Garrett, 2012 WL 3834898, at *17-22; see id. ("The Petitioner first argues that he received ineffective assistance of counsel when trial counsel failed to present evidence that in the ten years between the first and second trials, the methods by which the State's expert witness reached his conclusion of arson had been discredited by the scientific community."). Thus, Martinez does not apply here.

Petitioner also asserts that the Court should consider the newly submitted evidence to prevent manifest injustice. "The manifest injustice standard presents plaintiff with a high hurdle." Westerfield v. United States, 366 F. App'x 614, 620 (6th Cir. 2010).

> Although the 'manifest injustice' ground for a Rule 59(e) motion appears to be a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. Instead, whether manifest injustice would result from denying a Rule 59(e) motion is, by definition, a fact-specific analysis that falls squarely within the discretionary authority of the Court. In exercising this discretion, the Court should weigh the importance of bringing litigation to a firm conclusion and the need to render fair and just rulings.

7

Lonardo v. Travelers Indem. Co., 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010) (citing GenCorp, 178 F.3d at 834); Harris v. Perry, No. 212CV02668STADKV, 2016 WL 5396701, at *3 (W.D. Tenn. Sept. 27, 2016)).

Here, Petitioner is attempting to re-litigate the issue. Petitioner presented expert testimony at trial and on state post-conviction. In addition to the state's circumstantial evidence of the nature of the fire burns, evidence shows that the victim was found in the utility room, and Metro Fire Department Captain Otis Jenkins testified that the door to that room was latched from the outside. Petitioner also ignores testimony from lay witnesses, such as fire fighters, neighbors and the victim's mother, regarding Petitioner's guilt.

The Court concludes that Petitioner fails to establish grounds under Rule 59(e) for the Court to consider new evidence and that he should be prohibited from expanding the record under Pinholster, 563 U.S. at 181-83. Accordingly, Petitioner's motion to alter or amend judgment (Docket Entry No. 26) and supplemental motion to alter or amend judgment (Docket Entry No. 29) should be denied.

An appropriate Order is filed herewith.

ENTERED this the 12th day of January, 2017.

WILLIAM J. HAYNES, JR.
Senior United States District Judge